## In re RESCO GROCERY CO., Inc.
### No. 41619.

District Court, E. D. New York.

Jan. 12, 1942.

Jack Dorman, of New York City, for petitioning creditor.

Sam H. Lipchitz, of New York City, for trustee.

BYERS, District Judge.

Hearing on petition to review an order made by a Referee in Bankruptcy declaring the election of a trustee at the first meeting of creditors.

Nine claims were voted in favor of the trustee whose election was certified, and eight in favor of the receiver.

A creditor voting for the latter files the petition to review, and asserts that two claims were improperly disallowed by the Referee and that, if his decision had been

otherwise on those claims, there would have been ten votes for the receiver.

The controversy is not of heroic proportions but must be disposed of none-the-less.

■ In the Referee's certificate, he cites several cases for the proposition that an attorney cannot interject himself as a party litigant in place of his client. This was probably done to indicate that this petition to review, which was made by an attorney in fact (who happens also to be an attorney at law) of a creditor, should not be entertained for that reason; but that view is erroneous. See In re International Match Corporation, D.C., 3 F.Supp. 443, at page 444. The creditor is seeking review and, being a corporation, must act through an agent, and its attorney in fact is the proper one to speak for it.

Three of the five cases cited by the Referee have been examined and, as to them at least, it is apparent that their citation in this certificate is inadvertent; they were probably intended for some other memorandum, as they have no bearing whatever upon this controversy.

Turning now to the claims excluded by the Referee:

B. Filippone & Company ....$114.75

This claim was excluded because it was verified before an attorney at law in the State of New Jersey, and upon the theory that judicial notice could not be taken of the authority of attorneys so to function in that State.

■ Under familiar principles, the law of a foreign state is a fact to be proved as any other fact, and the Referee was not required to take judicial notice of the New Jersey law on the subject of the authority of attorneys to act in place of notaries. However, the Referee was in error in refusing to take testimony concerning the New Jersey Law, as a matter of fact (S.M. p. 31). He dismissed the offer of proof with the following: "The Referee: No. I don't want your testimony."

If the Referee did not deem the attorney who offered to testify as to the foreign law to be a competent witness on that subject, at least he should have so demonstrated, by an appropriate examination; or he could have refused to accord any weight to the attorney's testimony, but he chose merely to refuse to hear his testimony on the subject, and that ruling cannot be sustained.

Udda Taormina Corp. ....$774.42

■ This claim was excluded because duplicate invoices were not attached. It appears from the record that the attorney present had the invoices in his file, and that the date of each was included in the proof of claim which was otherwise entirely sufficient. It is not clear that, under Section 57 of the Act, 11 U.S.C.A. § 93, the proof was not proper as filed, the requirement being:

"A proof of claim shall consist of a statement under oath, in writing and signed by a creditor, setting forth the claim; the consideration therefor; whether any and, if so, what securities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor."

The foregoing is subdivision a.

The following paragraph deals with an instrument which shall be filed with the proof.

Assuming that this claim should have contained duplicate invoices—which seems to be quite doubtful—no reason whatever appears for not permitting an amendment by annexing the invoices to the claim as filed.

The right of the trustee later to contest the claim, would not have been affected by such a ruling, and it is difficult to understand, from a reading of the record, what possible reason there could have been for refusing to follow so plain a requirement of common sense. The practise in such matters was discussed as long ago as 1909 in the case of In re Watertown Paper Company, 169 F. 252, in a decision by the Second Circuit Court of Appeals.

■ The opposition to the petition for review was based upon the contention that, if the foregoing rulings of the Referee were erroneous—as they probably were— the result would not be changed, because of similarly erroneous rulings in the rejection of some claims that otherwise would have been voted for the successful candidate as trustee. This may be true, but those claims and those rulings are not before the court on any petition to review; consequently the petition which was filed will be sustained, and the order of the Referee reversed.

Settle order.